UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-20025 |
| WILLIAM A. GOODWILL, | |
| Defendant. | |

DEFENDANT'S MOTION TO RECUSE
UNITED STATES DISTRICT JUDGE COLIN S. BRUCE

Defendant WILLIAM GOODWILL, through his attorney Assistant Federal Public Defender Johanes Maliza, hereby moves this Court, pursuant to 28 U.S.C. § 455(a), for the District Court recuse itself from presiding further over this case. In support thereof he states as follows:

PROCEDURAL AND FACTUAL HISTORY

1.	The indictment in this cause charges Defendant with one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii).

2.	Prior to his appointment as judge, The Honorable Colin S. Bruce was employed as an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of Illinois. In the year 2003, Judge Bruce served as lead counsel in Defendant's prior case in the Central District of Illinois, 03-20104-MPM-DGB.

3. In the prior case, Mr. Goodwill was charged with a violation of 21 U.S.C. § 841(b)(1)(A). He was convicted and sentenced to 240 months of custody in the bureau of prisons.

4. According to the PACER Docket for Case No. 03-20104, Judge Bruce, then an AUSA, was lead counsel throughout the prosecution. At Mr. Goodwill's January 20, 2005 sentencing hearing, Judge Bruce presented a sentencing recommendation regarding Mr. Goodwill.

5. On January 19, 2017, then-President Barack Obama granted Mr. Goodwill clemency, and terminated his sentence on May 19, 2017, thereby cutting several years off of the sentence that was requested by Judge Bruce.

## ARGUMENT

6. Title 28 U.S.C. § 455(a) states, in pertinent part, that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

7. The legislative history of § 455(a) reflects a Congressional intent to promote public confidence in the impartiality of the federal judicial process. *Liljeber v. Health Services Acquisition Corp.*, 486 U.S. 847, 858, n.7 (1988); *United States v. Balitrieri*, 779 F.2d 1191, 1204 (7th Cir. 1985).

8. Under § 455(a), "[w]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, (1994). Section 455(a) requires that a judge recuse himself from any proceeding where there is a reasonable basis for finding an appearance of partiality under the facts and circumstances of a particular case. *SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977). The test for determining whether

there is an appearance of partiality is whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal is sought would entertain significant doubt that justice would be done in the case. *Union Carbide Corp. v. U.S. Cutting Serv.*, 782 F.2d 710, 715 (7th Cir. 1986); *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir. 1985). "A judge should be disqualified from a proceeding where the circumstances raise reasonable questions about his impartiality, regardless of his state of mind or ability to conduct a fair and impartial hearing." *United States v. Griffin*, 84 F.3d 820, 830 (7th Cir. 1996).

9. In *United States v. Herrera-Valdez*, 826 F.3d 912, 919 (7th Cir. 2016), the recusal of a district judge was required because the judge had previously worked for the Immigration and Naturalization Service ("INS"). During his time with the INS, the judge represented the government in a deportation proceeding against the defendant. *Herrera-Valadez*, 826 F.3d at 919. The defendant was charged in the new case with illegal reentry. *Herrera-Valdez*, 826 F.3d at 915. Although the judge might not have even recalled the case or, as INS counsel, reviewed any documents submitted in the prior proceeding, the judge's name appeared on documents submitted to the court, and the judge had a supervisory role with the INS in the prior proceedings. *Herrera-Valdez*, 826 F.3d at 919. Thus, a reasonable person informed of the situation might have doubt about the judge's impartiality. *Herrera-Valdez*, 826 F.3d at 919.

10. Eight months ago, in *United States v. Michael Cobbs*, Central District of Illinois Case No. 17-20051, this Court recused itself when it faced a similar circumstance.

3

In *Cobbs*, Judge Bruce recused himself after he had represented the United States as lead counsel in the 2005 prosecution of Mr. Cobbs.

11. As the lead attorney who prosecuted the Defendant previously, Judge Bruce has direct knowledge of the Defendant's prior case *and* personal history, both of which will be statutory considerations at any sentencing hearing that may occur in this case. Additionally, there is a concern that President Obama's clemency decision may cause tension. Specifically, Mr. Goodwill only served about 12 years out of the 20 Judge Bruce would have expected for Mr. Goodwill when the sentence was imposed.

12. A reasonable person looking at this case from an objective perspective could conclude that the Court has a predisposed opinion about the Defendant, his prior offense, and other relevant factors under 18 U.S.C. § 3553(a), which could affect the Defendant's ultimate sentence in this case, if convicted.

WHEREFORE, based on the foregoing, Defendant William Goodwill respectfully requests that the Court recuse itself from presiding over the instant case.

Respectfully submitted,

Dated: June 12, 2018

WILLIAM A. GOODWILL, Defendant,

THOMAS PATTON, Federal Public Defender

By: s/ Johanes Maliza
Johanes C. Maliza (6323056)
Office of the Federal Public Defender
600 E. Adams St., Third Floor
Springfield, IL 62701
Telephone:   217-492-5070
Facsimile:   217-492-5077
E-mail:      johanes_maliza@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Johanes C. Maliza