UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> WILLIAM A. GOODWILL, ) <br> ) <br> Defendant. ) | Case Nos. 18-CR-20025 <br> 03-CR-20104 |

**GOVERNMENT'S MOTION TO CONTINUE
THE SEPTEMBER 25, 2020,
SENTENCING AND REVOCTION HEARING**

The United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Ryan Finlen, Assistant United States Attorney, requests that this Court continue the September 25, 2020, sentencing hearing in case number 18-cr-20025, and the corresponding revocation hearing in case number 03-cr-20104 to a date after October 16, 2020. In support of this motion, the United States of America states as follows:

1. After this Court denied the defendant's motion to suppress on January 3, 2020, the defendant entered a conditional plea of guilty on January 28, 2020. R. 37, 45; D.E. 01/28/2020.

2. In light of the pending, dispositive appellate litigation in *United States v. Ruth*, No. 20-1034 (7th Cir.), the parties reached an agreement in April 2020 to continue the sentencing until *Ruth* could be decided. R. 58. The Court granted that motion and set this matter for sentencing on December 4, 2020.

3. After *Ruth* was decided, the defendant, on August 6, 2020, requested that the sentencing be moved up. The undersigned did not oppose that request so long as the sentencing was set in the second half of September. R. 59 at ¶ 11. The Court granted that request and scheduled the sentencing for a date in the second half of September, specifically September 25, 2020, at 10:00 a.m., as the motion requested. D.E. 08/07/2020.

4. Although the defendant's request included an indication that the defendant would consent to sentencing via video conferencing, R. 59 at ¶ 12, the Court set the sentencing for a personal appearance in Springfield, Illinois. D.E. 08/07/2020.

5. The undersigned is scheduled to commence a jury trial in the matter of *United States v. Stapleton*, No. 18-cr-20028, in Peoria, beginning on Monday, September 28, 2020. After the Court set this matter for sentencing, the Court in *Stapleton* denied that defendant's

requests to continue the September 28 trial, the last of those request was made and denied on September 15, 2020.

6. In preparation of the *Stapleton* trial the undersigned will be in Peoria preparing witnesses to testify on September 25, 2020. Appearing for the defendant's in-person sentencing on September 25, 2020, will prevent the undersigned from preparing for the September 28 trial for the first half of the day on September 25 due to the necessary travel to and from Springfield.

7. Additionally, the undersigned is scheduled to be engaged in a trial in *United States v. Pennington*, No. 18-cr-20021 that begins October 13, 2020, and likely concludes October 16, 2020.

8. Additionally and more importantly, the parties reviewed the initial Presentence Investigation Report (PSR), R. 57, and submitted their objections and comments to U.S. Probation in May 2020, prior to the *Ruth* decision. At that time, the initial PSR calculated the defendant's advisory guideline range at 120 months, as it did not designate the defendant as a Career Offender. R. 57 at ¶ 80.

9. With *Ruth* decided, the information filed pursuant to § 851 may rely on an improper predicate conviction, but the defendant's prior drug conviction may yet serve as a predicate offense for the guideline

Career Offender enhancement. R. 59 at ¶¶ 5-6. In short, however, there is a potential for several dramatic changes to the PSR in order to accurately incorporate the impacts of the *Ruth* decision. As of yet, the revised PSR is not available.

10. Additional time will allow U.S. Probation to complete the revised PSR in a way that accurately reflects the parties' positions in light of the *Ruth* decision and will allow the parties and U.S. Probation to iron out the impact of *Ruth* on the defendant's advisory guideline sentencing range. This will, in turn, enable the Court to more easily resolve any remaining objections at the defendant's sentencing.

11. A brief continuance will not only allow the undersigned to participate at this defendant's sentencing without the distraction of a pending trial, and additional time will allow the parties and the U.S. Probation Office to prepare an amended PSR that incorporates the *Ruth* decision and the parties' respective positions.

WHEREFORE, the United States respectfully requests that this Court re-set the sentencing in this matter for a date after October 16, 2020, which is after the anticipated conclusions of the *Stapleton* and *Pennington* trials.

    Respectfully submitted,

    JOHN C. MILHISER
    United States Attorney

By:  s/ *Ryan Finlen*
    Ryan Finlen
    Assistant U.S. Attorney
    Office of the United States Attorney
    Central District of Illinois
    201 S. Vine Street, Suite 226
    Urbana, Illinois 61802
    *Tel.* (217) 373-5875

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 15, 2020, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send a copy to all parties of record.


                                        /s/ Ryan Finlen
                                        Ryan Finlen
                                        Assistant U.S. Attorney