UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GOODWILL,<br><br>Defendant. | 18-20025<br>03-20104 |

**OPPOSITION TO CONTINUANCE OF**
**SENTENCING AND REVOCATION**

Defendant William Goodwill, through his attorney Johanes Maliza of the Federal Public Defender's Office for the Central District of Illinois, respectfully opposes the government's motion to continue the revocation and sentencing hearings, currently set for September 25, 2020.  He requests that the sentencing hearings go forth, as scheduled.

1.  Defendant is currently detained in the Macon County Jail.  He has been there since 2018, and is anxious to get to the Bureau of Prisons.  The BOP has considerably more inmate programming and resources.  Mr. Goodwill is anxious to begin evidence based recidivism reduction classes, to which Congress

attached good time credits in the First Step Act. A delay in his hearings is unnecessary.

2. The government now requests a continuance of the September 25, 2020 hearing date. The government cites two reasons. First, because of scheduling in two unrelated cases: *United States v. Pennington*, No. 18-cr-20021, and *United States v. Stapleton*, No. 18-cr-20028. Second, because of concerns about a new PSR and the need to incorporate *Ruth* into that analysis.

3. While defense counsel understands that attorney scheduling is a real concern, Mr. Goodwill cannot consent to the continuance of either the sentencing or the revocation.

4. At one point, these cases were set for resolution on June 1, 2020 – already over 24 months since Mr. Goodwill's initial appearance in May 2018.

5. The sentencing and revocation were continued so that the Seventh Circuit could decide *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). That decision, it was hoped, would give this Court guidance on whether Mr. Goodwill's 720 ILCS 570/401(c)(2) conviction in Macon County Case No. 00-CF-1172 is a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

6. On July 20, 2020, the Seventh Circuit decided *Ruth.* While both parties take issue with parts of the decision, it mostly settles the career offender question for this Court's purposes. This Court set the September 25 hearing date once *Ruth* was decided.

7. Mr. Goodwill will present this Court with arguments why *Ruth* still means he wins, but there is a good chance the Court will consider its hands tied, no matter how those arguments are resolved. And the arguments will be presented in writing before the hearing, in any event. Practically speaking, to the extent either party seeks to distinguish or avoid the implications of *Ruth*, it will be mostly for preservation purposes.

8. The hotly contested matters in this Court, therefore, will focus (like all sentencings) on § 3553(a) factors (and § 3583(e) for the revocation). Those have been mostly known to the parties for months.

9. Mr. Goodwill opposes this motion for several reasons. First, Mr. Goodwill's case is already very old. Even accounting for the time necessary to litigate the motion to suppress, it has been eight months since Mr. Goodwill pled guilty in this case. He has a

right to be sentenced without unnecessary delay under Fed. R. Crim. P. 32.

10. Second, neither *Pennington* nor *Stapleton* will actually be in trial as of September 25, 2020. The former begins in October, and the latter on September 28.

11. Third, the PSR in this case is actually of less value than normal. This Court is also already familiar with much of the circumstances of this case, given the motion to suppress and the evidentiary hearing. Further, the Court and parties have long been in possession of Mr. Goodwill's *old* PSR, from the 2003 case – so his history and background until 2003 are already before the Court. The only updates, then, will be the period between Mr. Goodwill's 2017 release, and his 2018 arrest. The initial PSR included those topics, and the parties are more than capable of informing this Court about those 15 months.

12. So there is really nothing more for the revised PSR to do besides making legal representations, based on the probation office's interpretation of *Ruth*. But this Court will have to resolve contested legal matters based on the parties' arguments and caselaw, not based on the probation office's understanding.

13. Mr. Goodwill will file a formal request that the hearings be conducted by video, both to save time and protect everyone from COVID-19. Even the longest sentencing/revocation hearings take under two hours. Again, defense counsel understands that trial preparation and other attorney work is a real concern. But a couple of hours for a straightforward sentencing hearing, days before any trial, is not a good reason to prolong Mr. Goodwill's wait for his sentence. Such a delay would be unreasonable.

14. COVID-19 has created a backlog of cases for all court participants – courts, defense attorneys, and government attorneys. Moving a ready-to-decide hearing from September to October will not alleviate that backlog. It will simply apply pressure on a different part of the calendar – like squeezing a balloon. As an example, defense counsel has at least two in-person sentencing hearings the week of October 16, and is out of the office between October 23 and October 30, 2020. He has two appellate briefs to write in October, and one can anticipate new criminal cases or revocations coming in, as well. That leaves out all of the other ongoing "day to day" proceedings.

15. There is no clear point in anybody's calendar for the foreseeable future. Mr. Goodwill has a court date and a case that is ready to go now. He should not have to wait until another point when everyone will be just as busy.

WHEREFORE Defendant respectfully requests the entry of an Order denying the government's motions to continue the sentencing and revocation.

Respectfully submitted,

September 16, 2020

WILLIAM M. GOODWILL,
Defendant

THOMAS PATTON, Federal Public Defender

By: s/ Johanes Maliza
Johanes C. Maliza (6323056)
Assistant Federal Public Defender
600 E. Adams St., Third Floor
Springfield, IL 62701
Telephone:   217-492-5070
Facsimile:   217-492-5077
E-mail:   johanes_maliza@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Johanes C. Maliza